# May's Estate.

*Wills—Construction—Life estates—Remainders—Revocation of bequest for life—Effect on interest in remainder.*

Testatrix bequeathed her residuary estate in trust to pay the income equally to three legatees for life, and provided that upon their respective deaths the principal represented by their respective shares of income should be paid to the child or children of such deceased legatee. By codicil testatrix revoked the bequest to one of the three persons named. *Held,* such revocation did not affect the gift in remainder to the children of such legatee, but created an intestacy as to the income which such legatee would have received for life had the bequest not been revoked.

Submitted May 15, 1917. Appeal, No. 230, Jan. T., 1916, by Mary J. MacTague and Ella B. McManemy, from decree of O. C. Philadelphia Co., April T., 1915, No.

Statement of Facts—Opinion of the Court below. [259 Pa. 167, dismissing exceptions to adjudication of trustees' account in Estate of Margaret A. May, Deceased. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ.   Affirmed.

Exceptions to adjudication.

The facts appear from the following from the opinion of LAMORELLE, J.:

The testatrix bequeathed her residuary personal estate in trust to pay the net income to three persons named, share and share alike, for the term of their respective lives, and upon the death of any of them she directed that the principal represented by the share of income which any person so dying had been receiving should be paid to her child or children, with remainder over in default.   By her codicil the testatrix revoked the bequest mentioned in her will to Mary E. Mulliken, one of the three, and in all other respects confirmed her will.   It is now argued, that as this codicil revoked Mrs. Mulliken's right to participate in the entire income of the whole estate the other two cestui que trust life tenants should receive the entire income, share and share alike.   The obvious meaning of the testatrix was to give to each of the three beneficiaries one-third of the income of the estate.   That is clear from her language, "share and share alike during the term of their respective lives."   The gift to three persons by name "share and share alike" and the limitation of the gift to their "respective lives" indicate clearly a severance of their beneficial interests, and the gift in remainder to their children can only mean a gift of one-third of the principal.   The codicil revoked the life estate given to Mrs. Mulliken as to one-third, but did not affect the gift in remainder to her children.

The court in banc dismissed the exceptions to the adjudication.   Exceptants appealed.

1917.]     Assignment of Error—Opinion of the Court.

· *Error assigned* was in dismissing the exceptions to the adjudication.

*A. Howard Ritter* and *William W. Porter* submitted paper book for appellants.

No paper book was submitted for appellee.

PER CURIAM, June 30, 1917:

The provision in the will of the testatrix for Mary E. McManemy, now Mary E. Mulliken, was for income only, and, with the codicil's revocation of that provision, there was, as the court below correctly held, an intestacy as to such income, without affecting the testamentary disposition of the corpus or principal from which it accrued: Reichard's App., 116 Pa. 232.

Appeal dismissed at appellants' costs.